IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMIE HAMLIN,<br><br>                           Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                           Respondent. | **MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255**<br><br>Civ. No. 2:16-cv-00773-DB<br>Crim. No. 2:14-cr-00564-DB<br><br>District Judge Dee Benson |

Before the Court is Petitioner Jamie Hamlin's ("Hamlin") Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255. Having reviewed the parties' briefs and the relevant law, the Court renders the following Memorandum Decision and Order.[1]

## BACKGROUND

On April 2, 2015, Hamlin pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Crim. Dkt. No.[2] 30.) On June 15, 2015, the Court sentenced Andrews to 71 months in prison followed by 36 months of supervised release. (Crim. Dkt. No. 35.)

At sentencing, the Court adopted the presentence investigation report without change. Specifically, the Court agreed with the presentence investigation report that Hamlin's United States Sentencing Guidelines' (the "Guidelines") base offense level was 20 with a criminal history category V. (Crim. Dkt. No. 34, ¶ 11.) Based on a base offense level of 20 and a

---

[1] Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts and DUCivR 7-1(f), the Court elects to determine Hamlin's § 2255 petition on the basis of the written memorandum and finds that an evidentiary hearing is unnecessary to resolve the legal issues presented in Hamlin's petition.

[2] Hamlin's criminal docket will be referenced as "Crim. Dkt. No." and Hamlin's civil § 2255 docket will be referenced as "Civ. Dkt. No."

criminal history category of V, the presentence investigation report calculated Hamlin's guideline range as 70 to 87 months. (*Id.* at ¶ 63.)

The Court found that Hamlin had one prior conviction constituting a "crime of violence" under § 2K2.1(a)(4)(A) and § 4B1.2(a) of the Guidelines. (*Id.*) Prior to committing the instant offense, Hamlin sustained several Utah convictions, including: attempted theft by receiving stolen property, illegal use/possession of a controlled substance, purchase/possession of a dangerous weapon, illegal possession of a controlled substance, failure to stop, and attempted possession of items prohibited in a correctional facility. (*Id.* at ¶¶ 27, 29–31.) The presentence report did not specifically identify which of Hamlin's convictions constituted a "crime of violence" under the Guidelines. (*See id.* at ¶ 11.) Additionally, at sentencing, the Court did not expressly identify which of Hamlin's prior convictions the Court believed fit § 4B1.2(a)'s definition of a "crime of violence."

During plea negotiations, the defense and the government erroneously calculated Hamlin's guideline range as 57 to 71 months based on a criminal history category IV. (Tr.[3] at 5:2–16.) Recognizing the prior negotiations of the parties, the Court sentenced Hamlin to 71 months in custody, followed by 36 months of supervised release. (*Id.* at 19:7–16, 22:13–16.) Hamlin did not challenge the use of his prior convictions to enhance his sentence under § 2K2.1(a)(4)(A) at sentencing. Additionally, Hamlin did not file a direct appeal.

On July 8, 2016, Hamlin filed a petition seeking relief under 28 U.S.C. 2255. (Civ. Dkt. No. 1.) On July 22, 2016, the government motioned for the Court to stay Hamlin's petition pending the Supreme Court's ruling in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2016), *cert. granted*, ___ S. Ct. ___, 2016 WL 1029080 (June 27, 2016) (No. 15-8544). (Civ.

---

[3] Reference to the transcript of Hamlin's sentencing hearing conducted on June 15, 2015 will be cited as "Tr. at ___."

Dkt. No. 4.)  On August 8, 2016, the Court denied the government's motion to stay.  (Civ. Dkt. No. 7.)

## DISCUSSION

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner has the right to challenge a sentence imposed by a district court if the sentence is in violation of the Constitution, the laws of the United States, or if the sentence imposed was in excess of the maximum authorized by law.  Generally, a one-year statute of limitations applies to a petitioner's claims under § 2255. 28 U.S.C. § 2255(f).  Additionally, "[f]ederal prisoners are barred from attacking their federal convictions through second or successive § 2255 motions except in very limited circumstances." *United States v. Moudy*, No. 16-7004, 2016 WL 3548421, at *1 (10th Cir. June 28, 2016).

**I.** *Johnson v. United States* **and the Guidelines**

To frame Hamlin's § 2255 petition, the Court will briefly outline the legal landscape on which Hamlin seeks relief.  On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.  Under § 924(e) of the ACCA, a defendant is subject to a fifteen-year mandatory minimum sentence if the defendant is convicted of being a felon in possession of a firearm and the defendant has three prior convictions for either a "violent felony" or "serious drug offense."  18 U.S.C. § 924(e)(1).  Prior to *Johnson*, § 924(e)(2)(B) of the ACCA defined a violent felony as:

> Any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

3

Section 924(e)(2)(B)(i) is known as the ACCA's force clause. *See United States v. Lee*, 458 F. App'x 741, 745 (10th Cir. 2012) (unpublished). Burglary, arson, extortion or crimes involving explosives are known as the ACCA's enumerated offenses. *Id.* Section 924(e)(2)(B)(ii)'s language, "otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the ACCA's residual clause. *Id.*

The defendant in *Johnson* challenged whether his prior conviction under Minnesota's unlawful possession of a short-barreled shotgun statute was a violent felony under the ACCA's residual clause. *Johnson*, 135 S. Ct. at 2556. Before *Johnson*, courts applied the ACCA's residual clause by "pictur[ing] the kind of conduct that the crime involves in 'the ordinary case,' and judg[ing] whether that abstraction presents a serious potential risk of physical injury." *Id.* at 2557 (citing *James v. United States*, 550 U.S. 192, 208 (2007)).

The *Johnson* Court noted that a sentencing court's inquiry under the residual clause went beyond determining whether the crime has an "element" of physical force or matched the generic elements of burglary, arson, or extortion. *Id.* The ACCA's residual clause allows the court to engage in a broad inquiry into whether the underlying offense might involve a "potential risk" of injury to another—whether or not risk of physical injury was an element of the underlying crime. *Id.* The Court held that the "wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* Therefore, the Court held, imposing an increased sentence under the ACCA's residual clause violates the Constitution's guarantee of due process. *Id.* Subsequently, on April 18, 2016, the Supreme Court held that *Johnson*'s constitutional holding applies retroactively to ACCA cases pending on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Like the ACCA, the Guidelines provide for several sentencing enhancements for crimes constituting a "crime of violence." Section 4B1.2(a) of the Guidelines supplies the definition of a "crime of violence" to several sections of the Guidelines. Section 4B1.2(a) defines a "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

(emphasis added). The Tenth Circuit has held that the "'crime of violence' definition set forth in . . . § 4B1.2, is virtually identical to the definition of a 'violent felony'" contained in the ACCA. *United States v. Wray*, 776 F.3d 1182, 1184–85 (10th Cir. 2015) (citations omitted). Therefore, the Tenth Circuit has instructed courts to apply the Supreme Court's ACCA violent felony analysis to interpret § 4B1.2's definition of a crime of violence. *Id.*

On November 2, 2015, in *United States v. Madrid*, 805 F.3d 1204, 1211 (2015), the Tenth Circuit held that the Guidelines' residual clause is unconstitutionally vague under *Johnson*. Importantly, however, the Tenth Circuit has yet to directly address whether *Johnson*'s application to the Guidelines applies retroactively to petitioners seeking collateral review.

On June 27, 2016, the Supreme Court granted certiorari in *Beckles v. United States*, to determine whether: (1) *Johnson*'s constitutional holding applies to the residual clause of U.S.S.G. § 4B1.2(a)(2) and (2) if so, whether *Johnson*'s invalidation of the residual clause of § 4B1.2(a)(2) applies retroactively on collateral review. *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2016), *cert. granted*, ___ S. Ct. ___, 2016 WL 1029080 (June 27, 2016) (No. 15-8544).

**II. *Johnson*'s Application to Hamlin's Petition**

Against this backdrop, Hamlin argues that his sentence is illegal because his prior felonies are no longer crimes of violence in light of *Johnson* and *Madrid*. (Civ. Dkt. No. 1, p. 2.) Additionally, Hamlin argues that he was denied effective assistance of counsel when his counsel failed to challenge the use of his prior felonies at sentencing or ask for a continuance in light of the fact *Johnson* was pending a decision at the Supreme Court at the time of Hamlin's sentencing. (*Id.*)

Hamlin and the government agree that Hamlin's prior Utah failure to stop conviction is only conviction that the Court could have been used to enhance Hamlin's sentence. (Dkt. No. 1, p. 5; Dkt. No. 10, p. 3 ("The United States assumes for sake of argument that the Utah failure to stop conviction was used as the crime of violence.").) Additionally, the government concedes that if *Johnson* applies retroactively to the Guidelines, Hamlin's Utah failure to stop conviction is not a "crime of violence" under the post-*Johnson* Guidelines' definition. (Dkt. No. 10, p. 4 ("When *Johnson* invalidated the residual clause of USSG § 4B1.2, Mr. Hamlin's prior conviction for Failure to Stop no longer qualified as a crime of violence.").) The government argues, however, that Hamlin's petition should be denied because *Johnson* does not apply retroactively to the Guidelines. (*Id.* at 7.) Additionally, the government argues that Hamlin's claim of ineffective assistance of counsel is meritless because it was objectively reasonable for Hamlin's counsel to not challenge the use of Hamlin's failure to stop conviction or seek a continuance in light of *Johnson*. (*Id.* at 14.)

For the reasons that follow, Hamlin's petition is granted. This Court, in *United States v. Andrews*, Civ. No. 2:16-cv-00501-DB, 2016 WL 4734593 (D. Utah Sept. 9, 2016), agreed with the Sixth Circuit and held that *Johnson*'s application to the Guidelines was a substantive rule

which applied retroactively to petitioners seeking collateral review. *Id.* at *5. Therefore, based the government's concession that Hamlin's Utah failure to stop conviction is not a "crime of violence" in light of *Johnson*, Hamlin has demonstrated he is entitled to collateral relief. Accordingly, Hamlin's sentence is vacated. Hamlin's sentence was illegally enhanced under the unconstitutional Guidelines' residual clause.

Moreover, the Court will not consider Hamlin's claim of ineffective assistance of counsel. Hamlin has demonstrated grounds upon which the Court may vacate his sentence. Therefore, it is unnecessary for the Court to consider Hamlin's alternative grounds for collateral relief.

## CONCLUSION

Based on the foregoing, Hamlin's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 is GRANTED. Accordingly, Hamlin's sentence is hereby vacated. Counsel shall contact the Court to schedule a hearing so that Hamlin's can be resentenced or notify the Court that the parties intend to negotiate and seek a stipulation in this matter.

Dated: October 3, 2016

BY THE COURT:

_Dee Benson_
Dee Benson
United States District Judge